**ZHONG GUO LIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the Unites States, Respondent.**

**No. 04–3701–AG.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for his predecessor, John Ashcroft, as the respondent in this case.

---

Matthew L. Guadagno, Kerry W. Bretz, and Jules E. Coven, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi; and Alfred B. Jernigan, Jr., Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 30th day of January, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is GRANTED.

Petitioner Zhong Guo Liu, a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of an immigration judge ("IJ") rejecting the petitioners' application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"[W]here the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly." *Xue Hong Yang v. United States DOJ,* 426 F.3d 520, 522 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). However, even when the IJ's findings are based on an erroneous analysis, this Court "generally do[es] not reject the IJ's findings outright, because, despite the errors, it is true in most cases that a reasonable fact-finder would not be compelled to reach an opposite conclusion." *Cao He Lin v. United States DOJ,* 428 F.3d 391, 395 (2d Cir. 2005). This Court vacates and remands for further proceedings when it cannot be determined "whether the IJ would have reached the same conclusion had [he] not erred." *Id.*

In this case, the IJ based his adverse credibility determination on inconsistencies, implausibilities, and discrepancies between documentary evidence and Liu's testimony. These grounds were primarily based on conjecture and speculation, and involved details that were "minor and isolated" from the heart of Liu's claims. Some of the "minor and isolated" inconsistencies included: that Liu referred to his in-laws as "my parents," that a hospital employee called Liu's business to indicate where his wife had been taken, and whether Liu went into hiding with a "relative" or a "friend." These minor inconsistencies do not go to the heart of Liu's claims, and Liu was not questioned about these issues or given a chance to clarify these inconsistencies at the hearing before the IJ. The IJ also failed to consider background information and other corroborating evidence that supported Liu's claim. *See Yan Chen v. Gonzales*, 417 F.3d 268, 269 (2d Cir. 2005) (granting a petition for review where "the Board failed to consider important evidence supporting [the petitioner's] petition, namely, a country report corroborating [the petitioner's] claims").

Furthermore, to the extent that the IJ found it unlikely that Liu and his wife might be subject to future persecution because Liu's wife has already been sterilized, such a view overlooks he "permanent and continuous" nature of sterilization, and that "the presumption of a well-founded fear of future persecution ... is not rebutted by the mere fact that sterilization itself renders future sterilization or abortion unlikely." *Li Yong Cao v. United States DOJ*, 421 F.3d 149, 155–56 (2d Cir.2005) (discussing *In re Y–T–L–*, 23 I. & N. Dec. 601, 605–08, 2003 WL 21206539 (BIA 2003)). Since there is a "lesser relevance of credibility in the CAT context," *id.* at 185, and the IJ's analysis of future persecution was flawed, it appears that Liu's

CAT claim may have been improperly denied. Since a reasonable fact-finder might reach a conclusion opposite of the IJ's on remand, and because substantial evidence does not support the IJ's denial of Liu's asylum, withholding of removal, and CAT claims, the BIA's order is vacated, and the case is remanded to the BIA for further consideration.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

For the foregoing reasons, the petition for review is GRANTED, the BIA order is VACATED, and the case is REMANDED to the BIA for further consideration.